IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FLOYD R. NASH,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:07-cv-00094

MR. MARCIAS and
UNICOR FCI GILMER,

          Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Proposed Findings and Recommendation of United States Magistrate Judge R. Clarke VanDervort. By Standing Order entered on February 13, 2007, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2). On November 25, 2009, Magistrate Judge VanDervort submitted Proposed Findings and Recommendation (Document No. 5) wherein it is recommended that this Court dismiss Plaintiff's Complaint for the Violation of Civil Rights Under 42 U.S.C. § 1983 (Document No. 1).

The Court has reviewed Plaintiff Floyd Nash's Complaint and the attached exhibits. Although Plaintiff originally filed his Complaint under 42 U.S.C. § 1983, Magistrate Judge VanDervort has correctly treated Plaintiff's claim as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens,* the Supreme Court

established a cause of action for damages against federal officials who allegedly violate the Constitution of the United States. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; however, 42 U.S.C. § 1983 does not provide a basis for a suit against federal actors.[1]

Objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation (PF&R) were due within thirteen (13) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the PF&R in this case were due on December 8, 2009. To date, no objections have been filed.

---

[1] The Magistrate concluded that "Plaintiff[, in his complaint,] alleg[ed] that Defendant Marcias discriminated against him by filing an incident report against Plaintiff for an 'unexcused absence from work.'" Proposed Findings and Recommendation at 5. Considering the pleading and the attached exhibits, the magistrate ultimately determined that Plaintiff failed to state a claim for denial of equal protection of the law. Although it was not discussed in the proposed findings and recommendation, upon review, the undersigned has considered the three inmate statements submitted by Plaintiff in support of his contention that he was treated differently from other inmates. *See* Complaint, Attached Exhibits (Document 1-2) at 9-11. Assuming Plaintiff's allegations to be true, the undersigned agrees with the Magistrate's determination and finds that Plaintiff has failed to allege or suggest that he was treated differently for any suspect classification.

Accordingly, the Court **ADOPTS** the PF&R (Document No. 5),[2] and **ORDERS** that the Complaint be **DISMISSED**, pursuant to 28 U.S.C. § 1915A, for failure to state a claim. The Court further **ORDERS** that this matter be **DISMISSED** from the docket. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 29, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] The undersigned makes the following modifications to clarify case citations detailed in the proposed findings and recommendation. *See* Proposed Findings and Recommendation at 8-9. *Woodworth v. United States*, 44 Fed. Appx. 112 (9th Cir. 2002) (not selected for publication in the Federal Reporter) (finding that an inmate "has neither a liberty nor property interest in his prison job.") (citations omitted); *Hatch v. District of Columbia*, 184 F.3d 846, 855 (D.C. Cir. 1999) (stating that "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.") (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *rejected on other grounds in Sandin v. Conner*, 515 U.S. 472 (1995))); *Johnson v. Knable*, 862 F.2d 314 (4th Cir. 1998) (unpublished opinion) (stating that "prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate.") (citing *Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978)); *Grayson v. Federal Prison Indus. Factory*, 69 F.3d 536 (5th Cir. 1995) (not selected for publication in the Federal Reporter) (stating that prisoners have no constitutionally protected liberty or property interest in their prison job assignment, nor a legitimate claim of entitlement to continuing UNICOR employment.); and *Jackson v. LaManna*, Civil Action No. 6:06-2812, 2007 WL 1862371, at * 5 (D.S.C. Mar. 23, 2007) (stating that "[a]ll inmate job assignments are subject to the institution's needs, and inmates do not have any fundamental constitutional right to any specific work assignment.") (citations omitted).